STRIPLIN *et al. v.* MOBILE & O. R. Co.*

(Division A. Jan. 14, 1929. Suggestion of Error Overruled Feb. 25, 1929.)

[120 So. 193. No. 27546.]

---
*Corpus Juris-Cyc. References: Discovery 18CJ, section 4, p. 1058, n. 18.

*Spaulding, MacDougal & Sibley,* of Atlanta, Ga., *Geo. T.* and *Chas. S. Mitchell* and *Sam H. Long,* for appellants.

*Carl Fox, R. C. Beckett,* of St. Louis, Mo., and *John R. Anderson,* for appellee.

514

Argued orally by *Chas. S. Mitchell,* and *II. H. Hargreet,* for appellants, and *Carl Fox,* for appellee.

SMITH, C. J. This is an appeal from a decree overruling the separate demurrers of the several appellants to a bill of discovery.

516

The bill alleges, in substance, that a warehouse in Corinth, Miss., was destroyed by fire. This warehouse contained at the time a large number of bales of cotton owned by the appellants, each of them owning a separate portion or lot thereof, and which was partially destroyed by the fire. The appellants were paid for the cotton by several insurance companies, which had issued policies of insurance thereon, and the cotton was turned over to them, and salvaged, resulting in some of it being saved.

Each of the owners of the cotton sued the appellee in the circuit court of Lee county for the value of his cotton that was in the warehouse and partially destroyed. The declarations in these actions at law allege that negligence on the part of the appellee contributed to the burning of the warehouse. The appellee has been unable to obtain evidence as to the amount of the cotton that was salvaged, and instituted this proceeding to obtain from the appellants, who are the plaintiffs in the actions at law, and the insurance companies to which the cotton was delivered by them, and for whose benefit the bill alleges the actions at law were instituted, for the purpose of obtaining a discovery from them of the amount and value of the cotton salvaged.

"The right of a plaintiff in equity to the benefit of the defendant's oath, is limited to a discovery of such material facts as relate to the 'plaintiff's case,' and does not extend to a discovery of the manner in which the 'defendant's case' is to be exclusively established, or to evidence which relates exclusively to his case." Wigram on Discovery, pp. 15 and 262; 1 Pom. Equity Jurisprudence (3 Ed.), section 201; 18 C. J. 1059; Griffith's Chancery Practice, section 430.

The evidence here sought to be discovered is not to enable the appellee to establish an affirmative defense in the actions at law, but is to discover the evidence on which the appellants must rely in order to establish the amount

of the damages sought to be recovered by them in the actions at law. In other words, the attempt here is to obtain from the appellants, in advance of the trials at law, information as to "what manner, and by what evidence," they propose to establish the amount of the damages claimed by them.

To such information the appellee is no more entitled than it would be to information as to the manner in which, and the evidence by which, the appellants intended to prove that the burning of the warehouse was caused by the appellee's negligence.

The judgment of the court below will be reversed, the demurrers will be sustained, and the bill will be dismissed.

*Reversed, and bill dismissed.*